IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NICK RYNIAWEC,

       Petitioner,

    v.                             Civil Action No. 1:20cv17
                                      (Judge Kleeh)

PATRICK MIRANDY, Warden,

       Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 30, 2020, the *pro se* petitioner, Nick Ryniawec ("Petitioner") filed a petition[1]
under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.[2] ECF No. 1. Along
with his petition, Ryniawec filed a motion to proceed as a pauper and a motion for appointed
counsel. ECF Nos. 2, 5. This matter is now pending before the undersigned for initial review and
report and recommendation.

### II. Facts

#### A. Conviction

On November 2, 2010, after a four-day jury trial in Brooke County Circuit Court, Petitioner
was convicted of nineteen (19) counts of Sexual Abuse by a Custodian; one (1) count of First

---

[1] The petition was not mailed; it was hand-delivered to the Wheeling point of holding court.

[2] The court-approved form petition, although signed by petitioner, is not dated, nor is its certificate of service. See
ECF No. 1 at 20, 21. Petitioner also left most of the questions on the petition blank. See id. at 3 – 15, 19 – 20.
Accordingly, the *pro se* law clerk ("PSLC") assigned to this case obtained the documents necessary to conduct the
timeliness analysis from LEXIS, and/or by requesting copies of the same from the Brooke County Circuit Clerk and/or
the Clerk of the WVSCA. Upon obtaining the necessary documents, attached herein as exhibits, it also appears that
some of the answers that Petitioner did provide are incorrect; for instance, Petitioner's answer to question #5 on p. 2
regarding the crimes of which he was convicted and sentenced is incorrect. Petitioner also did not include a
memorandum in support, only a "laundry list" of 9 claims raised, titled "Attachment A."

Degree sexual abuse; and one (1) count of Second Degree Sexual Assault.[3] Exh. 1, November 22, 2010 Verdict Order.  On December 21, 2010, Petitioner was sentenced to a cumulative sentence of not less than 201 nor more than 410 years for convictions.  See Exh. 2, January 24, 2011 Sentencing Order.  Judgment was entered on the docket via a sentencing order issued on January 24, 2011. Id.

Following his sentencing, Petitioner filed an appeal with the West Virginia Supreme Court of Appeals ("WVSCA"). ECF No. 1 at 2.  On appeal, Petitioner raised these nine grounds:

(1) The circuit court erred by failing to grant the petitioner's motion for severance because a joint trial on all the allegations and alleged victims was so prejudicial to the petitioner that he was denied a fair trial and evidence of the allegations concerning each victim would not have been admissible in separate of [sic] the other alleged victims.

(2) The circuit court erred by admitting other bad acts evidence as evidence of a pattern of lustful disposition towards children because the alleged acts were not similar in nature and the acts did not relate to incidents reasonably close in time to the incidents giving rise to the indictment.

(3) The circuit court erred by failing to grant the petitioner's motions for judgments of acquittal as to Counts One, Two, and Five of the indictment in Case No. 09-F-84, because the proof of the dates of the alleged incidents at trial varied from the dates in the indictment, such that the variances constituted constructive amendments to the indictment, such that the petitioner was prejudiced to the extent that he was deprived [of] his constitutional right to present a defense and alibi.

(4) The circuit court erred by failing to grant the petitioner's motion for judgment of acquittal as to Count One of the indictment because there was insufficient evidence for the jury to find beyond a reasonable doubt that the state had proved the element of forcible compulsion.

---

[3] Petitioner was indicted in two separate cases. In Case No. 09-F-84, petitioner was charged in Count One with first degree sexual abuse involving S.R.N; Count Two with sexual abuse by a custodian involving S.R.N.; Count Three with second degree sexual abuse involving S.R.N.; Count Four with sexual abuse by a custodian involving S.R.N.; Count Five with second degree sexual assault involving J.H.; Counts Six through Ten with sexual abuse by a custodian involving S.R.N.; Counts Eleven through Twenty-Two with sexual abuse by a custodian involving C.M.; and Counts Twenty-Three through Twenty-Seven with sexual abuse by a custodian involving B.M. In a separate indictment in Case No. 10-F-30, petitioner was charged with three counts of sexual abuse by a custodian involving V.N. Each of the victims was a minor stepdaughter of petitioner at the time of the offenses.  J.H., C.M., and B.M. are sisters, and V.N. and S.R.N. are sisters. The trial court initially granted petitioner's motion to sever the counts as between the sets of sisters. Subsequently, however, the trial court reversed that decision, noting that its initial decision to grant the severance was made prior to the return of the indictment in Case No. 10-F-30, which charged petitioner with three offenses of a similar character, and prior to its consideration of the State's evidence under Rule 404(b) of the West Virginia Rules of Evidence.

(5) The circuit court erred by failing to grant the petitioner's motion for judgment of acquittal as to the indictment in Case No. 10-F-30 at the close of all evidence, because the petitioner was highly prejudiced by this case being sent to the jury.

(6) The circuit court deprived the petitioner of his due process right to present his defense by not allowing the petitioner to cross-examine an alleged victim about whether she had a consensual sexual relationship with the petitioner when she was an adult because the same was not bared by the rape shield law.

(7) Plain error was committed by the circuit court's not ordering a mistrial when the prosecutor made several improper remarks during closing argument and the judge failed to properly instruct the jury to disregard the prosecutor's statements.

(8) Plain error was committed by the circuit court's permitting the prosecutor to improperly bolster the credibility of a witness during closing arguments.

(9) The cumulative error committed by the circuit court was so substantial that the petitioner was deprived of a fair trial and due process of law under both the United States and West Virginia constitutions.

See Exh. 3, Petition Under West Virginia Code § 53-4A-1 for a Writ of [] Habeas Corpus, [summary of grounds raised on direct appeal] at 3. On June 22, 2012, the WVSCA issued its Memorandum Decision, affirming Petitioner's convictions. See State v. Ryniawec, 2012 W.Va. LEXIS 536 (W.Va. 2012). Mandate issued on that decision on July 23, 2012. See Exh. 4, Mandate in WVSCA Case No. 11-0341. Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court. See Exh. 5, Docket, WVSCA Case No. 11-0341.

## B. **State Habeas Corpus**

On February 4, 2014, Petitioner, through counsel, filed a petition for writ of habeas corpus in Brooke County Circuit Court. See Exh. 6, Docket, Brooke County Circuit Court Case No. 14-C-26 at 1. Subsequently, on July 22, 2016, again through counsel, Petitioner filed an amended petition, raising five (5) grounds:

(1) Petitioner's due process rights under the West Virginia Constitution and the United States Constitution were violated when the Court abused its discretion by *sua sponte* directing the

3

state and defense counsel to prepare and submit notebooks that had each of the five alleged victims' names across the top of separate pages, for the purpose of providing the same to the jury for note-taking.

(2) Petitioner's due process rights under the West Virginia Constitution and the United States Constitution were violated when the Court *sua sponte* directed the state's attorney to summarize for the jury the testimony of each alleged victim after direct examination and after cross examination.

(3) Trial counsel was ineffective, in violation of the United States and West Virginia Constitutions, by

a) failing to advise Petitioner of a proposed plea agreement;

b) failing to assure the proper use of the notebooks provided to the jury;

c) failing to object to the court's directive to the prosecuting attorney, to summarize the victims' testimony;

d) failing to interview or prepare their own witnesses; and

e) failing to interview the state's witnesses.

(4) Petitioner's sentence was unconstitutionally excessive.

(5) The totality of the circumstances demonstrated that Petitioner was not provided with constitutionally effective counsel.

See Exh. 7, Amended Petition for a Writ of [] Habeas Corpus, Brooke County Circuit Court Case

No. 14-C-26. An omnibus hearing was held on June 7, 2017. Exh. 6, Docket, Brooke County

Circuit Court Case No. 14-C-26, DE 39, 40. Petitioner's habeas petition was denied by an October

6, 2017 Order.[2] See Exh. 8, Brooke County Circuit Court Order Denying Petition for Writ of

Habeas Corpus, Case No. 14-C-26. On November 6, 2017, Petitioner appealed the circuit court's

decision to the WVSCA. See Exh. 9, Docket, WVSCA Case No. 17-0996. On appeal, Petitioner

---

[2] Although the Order was signed on October 6, 2017, it was not docketed until October 10, 2017. See Exh. 6, Docket, Brooke County Circuit Court Case No. 14-C-26, DE 45.

raised the same claims raised in his amended habeas petition; the WVSCA affirmed the decision of the circuit court on November 16, 2018. See Nick R. v. Terry, 2018 W.Va. LEXIS 712 (W.Va. 2018). Mandate issued on that decision on December 18, 2018. Exh. 10, Mandate in WVSCA Case No. 17-0996.

## C. **Federal Habeas Corpus**

Petitioner raises nine (9) grounds for relief in his petition:

(1) The circuit court erred by failing to grant the petitioner's motion for severance because a joint trial on all the allegations and alleged victims was so prejudicial to the petitioner that he was denied a fair trial and evidence of the allegations concerning each victim would not have been admissible in separate of [sic] the other alleged victims.

(2) The circuit court erred by admitting other bad acts evidence as evidence of a pattern of lustful disposition towards children because the alleged acts were not similar in nature and the acts did not relate to incidents reasonably close in time to the incidents giving rise to the indictment.

(3) The circuit court erred by failing to grant the petitioner's motions for judgments of acquittal as to Counts One, Two, and Five of the indictment in Case No. 09-F-84, because the proof of the dates of the alleged incidents at trial varied from the dates in the indictment, such that the variances constituted constructive amendments to the indictment, such that the petitioner was prejudiced to the extent that he was deprived [of] his constitutional right to present a defense and alibi.

(4) The circuit court erred by failing to grant the petitioner's motion for judgment of acquittal as to Count One of the indictment because there was insufficient evidence for the jury to find beyond a reasonable doubt that the state had proved the element of forcible compulsion.

(5) The circuit court erred by failing to grant the petitioner's motion for judgment of acquittal as to the indictment in Case No. 10-F-30 at the close of all evidence, because the petitioner was highly prejudiced by this case being sent to the jury.

(6) The circuit court deprived the petitioner of his due process right to present his defense by not allowing the petitioner to cross-examine an alleged victim about whether she had a consensual sexual relationship with the petitioner when she was an adult because the same was not bared by the rape shield law.

(7) Plain error was committed by the circuit court's not ordering a mistrial when the prosecutor made several improper remarks during closing argument and the judge failed to properly instruct the jury to disregard the prosecutor's statements.

5

(8) Plain error was committed by the circuit court's permitting the prosecutor to improperly bolster the credibility of a witness during closing arguments.

(9) The cumulative error committed by the circuit court was so substantial that the petitioner was deprived of a fair trial and due process of law under both the United States and West Virginia constitutions.

ECF No. 1-1.

Petitioner left blank the question on the court-approved form § 2254 petition that inquired about whether his 2254 petition was timely. ECF No. 1 at 19.  Petitioner also left blank the question on that inquired about what relief he was requesting.  ECF No. 1 at 20.

## III. <u>Timeliness</u>

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition.  28 U.S.C. §2244(d).[5] Thus, absent any state court post-conviction proceeding that would have tolled the federal limitation period,[6] the petitioner had one year from the date his conviction and sentence became final to file a federal habeas petition.  28 U.S.C. § 2244(d).

In this case, because Petitioner has provided no information to prove that his petition is timely, the PSLC assigned to this case has determined that the relevant dates are as follows:

Verdict Order (signed November 22, 2010) entered: November 24, 2010
Sentencing: December 21, 2010
Judgment entered in Sentencing Order docketed January 24, 2011
Notice of Intent to Appeal:  February 23, 2011
Petitioner's brief on appeal filed: August 25, 2011

---

[5] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA.  <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998), <u>cert denied</u>, 523 U.S. 371 (1998).  Thus, the AEDPA applies to this petition.

[6] 28 U.S.C. § 2244(d)(2).

WVSCA affirms circuit court's decision on appeal: June 22, 2012
Mandate issued on WVSCA's decision: July 23, 2012
Writ of Habeas Corpus filed in Brooke Co. Circuit Court: February 4, 2014
Amended Petition for Writ of Habeas Corpus filed: July 22, 2016
Amended Writ of Habeas Corpus denied by Brooke Co. Circuit Court: October 6, 2017
Notice of Intent to Appeal denial of habeas petition: November 6, 2017
WVSCA's Decision affirming the circuit court's denial of habeas: November 16, 2018
Mandate issued on WVSCA's decision denying state habeas: December 18, 2018
Petitioner files § 2254 petition: January 30, 2020

As discussed more fully below, it is clear that this § 2254 is grossly untimely.

Petitioner does not allege that the Government impeded the filing of his § 2254 petition. Additionally, Petitioner does not assert that a new right has been recognized by the Supreme Court and made retroactively applicable. See 28 U.S.C. § 2244(d)(1)(C). Petitioner does not claim that there are any new facts that could have been discovered though the exercise of due diligence. See 28 U.S.C. § 2244(d)(1)(D). Thus, the date on which Petitioner's judgment became final is relevant in determining the statute of limitations.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run one year after the judgment becomes final. A judgement becomes final: (1) when the opportunity to appeal the district court's judgment expires; (2) "when the time expires for filing a petition for *certiorari* contesting the appellate court's affirmation of the conviction;" or (3) when the United States Supreme Court denies *certiorari*. United States v. Clay, 537 U.S. 522, 524-25, 32 (2003).

Here, judgment on the Petitioner's convictions was entered on January 24, 2011. Exh. 2. Petitioner appealed his judgment; on June 22, 2012, the WVSCA affirmed the circuit court's decision on Petitioner's direct appeal. See State v. Ryniawec, 2012 W.Va. LEXIS 536 (W.Va. 2012). Mandate issued on that decision on July 23, 2012. Exh. 4. Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court. Exh. 5. Accordingly, the statute of

7

limitations under § 2244(d)(1)(A) began to run on October 23, 2012. See S. Ct. R. 13 (mandating that a petition for a writ of *certiorari* to review a judgment be entered within 90 days in order to be considered timely). Petitioner had one year from October 23, 2012, or until October 23, 2013,[4] to timely file a § 2254 petition. When Petitioner filed his state habeas petition on February 4, 2014, the one-year statute of limitations to timely file a § 2254 petition had already expired.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review[5] with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Here, however, Petitioner's state habeas petition, filed on February 4, 2014, could not toll the one-year limitations period, because there was no longer anything left to toll at that time. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state court petition filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled"). Consequently, Petitioner filed his § 2254 petition **six (6) years, three (3) months, and eight (8) days** after the statute of limitations under § 2244 (d)(1)(A) had already expired.

"[W]hen a federal habeas court, prior to trial, perceives a *pro se* § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent

---

[4] Pursuant to Fed.R.Civ.P. 6(a), when computing time for filing, the day of the triggering event is excluded. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

[5] "Other collateral review" has been interpreted by the Supreme Court to include pending motions for sentence reductions filed by state court petitioners. See Wall v. Kholi, 131 S.Ct. 1278 (2011), where the court held that the one-year ADEPA clock stops running while a motion for sentence reduction is pending. Here, however, Petitioner has filed no such motions to toll the running of the one-year period of limitations. See Exh. 11, Docket for Brooke Co. Circuit Court Case No. 09-F-84, and Exh. 12, Docket for Brooke Co. Circuit Court Case No. 10-F-30.

a sufficient explanation, unless it is undisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1)." Hill v. Braxton, 277 F.3d at 707. Accordingly, Petitioner is hereby notified that his § 2254 action will be dismissed as untimely under the AEDPA, unless, within the objection period described below, he can demonstrate that his petition can be salvaged by § 2244(d)(1) or the principle of equitable tolling.

### IV.  <u>Recommendation</u>

For the foregoing reasons, it is recommended that the petition [ECF No. 1] be **DENIED** and **DISMISSED with prejudice** as untimely filed.

Further, the undersigned **RECOMMENDS** that Petitioner's pending motions to proceed as a pauper and for appointed counsel [ECF Nos. 2, 5] be **DENIED as moot**.

Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to United States District Judge Thomas S. Kleeh.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court**, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL

P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk of the Court is directed to mail a copy of this Recommendation to Petitioner by certified mail, return receipt requested, at his last known address as shown on the docket sheet.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Dated: February 12, 2020

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

10