IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NICK RYNIAWEC,**

    **Petitioner,**

    **v.**                                **Civil Action No. 1:20-cv-17**
                                                    **(Judge Kleeh)**

**PATRICK MIRANDY, Warden,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 8] AND DISMISSING PETITION [DKT. NO. 1]**

On January 30, 2020, pro se Petitioner, Nick Ryniawec ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Dkt. No. 1]. Petitioner also filed a motion to proceed as a pauper [Dkt. No. 2] and a motion for appointed counsel [Dkt. No. 5]. The Petition raised nine (9) grounds for relief and challenged Petitioner's West Virginia state court conviction in Brooke County Circuit Court on nineteen (19) counts of Sexual Abuse by a Custodian, one (1) count of First Degree sexual abuse, and one (1) count of Second Degree Sexual Assault [Dkt. No. 8 at 1-2, 5-6]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi ("Magistrate Judge") for initial screening and a report and recommendation.

On January 30, 2020, the Court forwarded to Petitioner notice of the general guidelines for appearing pro se in federal court

[Dkt. No. 6]. On February 12, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice as being untimely filed [Dkt. No. 8].

As set forth in the R&R, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitation period within which a petitioner may file any federal habeas corpus petition. 28 U.S.C. § 2244(d). Absent any state court post-conviction proceeding that would toll the federal limitation period, Petitioner had one year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. §§ 2244(d) and (d)(1). Petitioner does not allege any impediment to the filing of his § 2254 petition, nor does he assert that a new right has been recognized by the Supreme Court and made retroactively applicable. 28 U.S.C. § 2244(d)(1)(C). He also does not contend that there are any new facts that could have been discovered through the exercise of reasonable diligence. 28 U.S.C. § 2244(d)(1)(D). Accordingly, the date on which Petitioner's judgment became final is relevant in determining the statute of limitations.

In this matter, Petitioner's judgment became final on October 23, 2012 [Dkt. No. 8 at 7-8] and his petition was filed on January 30, 2020 [Dkt. No. 1], more than six (6) years after the statute of limitations under § 2244(d)(1)(A) had already expired. The R&R

notified Petitioner that "his § 2254 action will be dismissed as untimely under the AEDPA, unless, within the objection period described below he can demonstrate that his petition can be salvaged by § 2244(d)(1) or the principle of equitable tolling" [Dkt. No. 8 at 9]. The R&R recommends that the Petition be dismissed with prejudice and that the motions to proceed as a pauper and for appointed counsel [Dkt. Nos. 2, 5] be denied as moot.

The R&R specifically warned that the parties had "fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 8 at 9]. The R&R stated that the failure to file written objections would constitute a waiver of appellate review by the Circuit Court of Appeals [Id. at 10]. It further stated that the failure to file written objections also relieves the Court of any obligation to conduct a de novo review of the issue presented [Id.]. See Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The R&R was issued on February 12, 2020, and mailed to Petitioner, via certified mail, on that same date [Dkt. No. 8-13].

Service of the R&R was accepted on February 18, 2020 [Dkt. No. 9]. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding no clear error given the untimely nature of Petitioner's filing, the Court **ADOPTS** the Report and Recommendation in its entirety. The Court **ORDERS** that:

1) The Petition for writ of habeas corpus [Dkt. No. 1] be **DISMISSED WITH PREJUDICE;**

2) The motion to proceed as a pauper [Dkt. No. 2] be **DENIED AS MOOT;**

3) The motion for appointed counsel [Dkt. No. 5] be **DENIED AS MOOT;** and

4

3) The matter be **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se Petitioner, certified mail, return receipt requested.

**DATED:** June 5, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE